IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

POTOMAC RIDGE CONSULTING, LLC,  )
                                )
                Plaintiff,       )
                                )
        v.                       )       Civil Action No. 1:23cv1381 (PTG/JFA)
                                )
GRAY ENTERPRISES PLUS, *et al.,*  )
                                )
                Defendants.      )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on Potomac Ridge Consulting, LLC's, ("plaintiff") motion

for default judgment against defendants Gray Enterprises Plus ("Gray Enterprises") and Denise

C. Gray ("Gray") (referred to collectively as "defendants") (Docket no. 11).  Pursuant to 28

U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed

findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On October 11, 2023, plaintiff filed a complaint against defendants alleging breach of

contract.  (Docket no. 1) ("Compl.").  A summons was issued for service on defendants on

October 16, 2023.  (Docket no. 6).  On November 14, 2023, plaintiff filed two affidavits of

service that indicated Gray was served personally and as the owner of Gray Enterprises on

October 28, 2023.  (Docket nos. 7, 8).  Defendants' responsive pleadings were due on November

20, 2023, twenty-one (21) days after the service of process.[1]  Neither defendant has filed a

responsive pleading and the time for doing so has expired.

_____

[1] When the last day of a time period stated in days ends on a Saturday, Federal Rule of
Civil Procedure 6(a)(1)(C) provides that "the period continues to run until the end of the next day

On December 4, 2023, plaintiff filed a request for entry of default as to defendants. (Docket no. 9). The next day, on December 5, 2023, the Clerk entered default as to defendants. (Docket no. 10). On December 18, 2023, plaintiff filed and served a motion for default judgment and noticed a hearing for January 12, 2024. (Docket nos. 11, 12). On January 12, 2024, this motion was called in open court and plaintiff's counsel appeared, but no one appeared on behalf of defendants.

**Factual Background**

The following facts are established by the complaint and attached exhibits. ("Compl."; Docket nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7). Plaintiff is a consulting group and Virginia limited liability company that helps clients navigate the federal government and grow their business in the federal sector. (Compl. ¶ 10). Gray Enterprises is a sole proprietorship organized under the laws of Maryland of which Gray is the sole owner. (Compl. ¶ 11). Gray Enterprises engaged plaintiff pursuant to a June 20, 2020, agreement to perform consulting services ("Consulting Agreement"). (Compl. ¶ 12; Docket no. 1-1). The Consulting Agreement specifically provided for services to assist Gray Enterprises in supplying personal protective equipment ("PPE") to federal agencies. (Compl. ¶ 13). Pursuant to the Consulting Agreement, plaintiff facilitated the sale of medical gowns to the Department of Veteran Affairs in the summer of 2020, and for those services plaintiff was entitled to receive a success fee from defendants of $500,000.00. (Compl. ¶ 14). On September 28, 2020, plaintiff sent an invoice to defendants for payment. (Compl. ¶ 14; Docket no. 1-2). Despite repeated promises to pay, defendants failed to deliver the payment. (Compl. ¶ 15).

---

that is not a Saturday, Sunday, or legal holiday." Twenty-one days from October 28, 2023, was Saturday, November 18, 2023, making defendants' responsive pleadings due on or before November 20, 2023.

On February 25, 2021, Gray, as the owner of Gray Enterprises, agreed that Gray Enterprises would pay the success fee by March 12, 2021, however the payment was never made. (Compl. ¶ 16). Similarly, on May 19, 2021, defendants agreed to pay the success fee in addition to a late fee of $50,000.00 by July 28, 2021, but no payment was made. (Compl. ¶ 17). Thereafter, plaintiff agreed, at defendants' request, to fund various loans, which totaled $150,000.00. (Compl. ¶ 18).

To account for the money owed to plaintiff, plaintiff entered into a payment agreement ("September 2021 Payment Agreement") with Gray Enterprises memorializing a $900,000.00 debt, which Gray Enterprises agreed to pay by September 8, 2021. (Compl. ¶ 21; Docket no. 1-3). Gray executed the September 2021 Payment Agreement on behalf of Gray Enterprises. (Compl. ¶ 24; Docket no. 1-3 at 2). In or around late August 2021, defendants issued a check to plaintiff postdated September 8, 2021, in the amount of $900,000.00, however, prior to that date, defendants issued a stop payment order on the check. (Compl. ¶¶ 25–26; Docket no. 1-4). Defendants subsequently failed to pay by September 8, 2021. (Compl. ¶ 27). On February 9, 2022, Gray sent an email to plaintiff confirming her agreement of the debt due to defendants, but no agreement was signed, and no payment was made. (Compl. ¶ 28; Docket no. 1-5).

On December 11, 2022, defendants entered into a new payment agreement ("December 2022 Payment Agreement") with plaintiff. (Compl. ¶ 30; Docket no. 1-6). Pursuant to this agreement, defendants agreed to pay the $900,000.00 owed in three equal, monthly installments. (Compl. ¶ 32; Docket no. 1-6). The first installment was to be due on December 30, 2022, however, plaintiff extended the deadline for the first installment to January 24, 2023. (Compl. ¶ 34). After learning that Gray had been hospitalized, plaintiff agreed to further extend the deadline on multiple occasions, giving defendants until March 1, 2023, to pay the first

installment. (Compl. ¶¶ 35–38). On March 10, 2023, plaintiff sent a cure notice to defendants explaining that pursuant to their December 2022 Payment Agreement, defendants had five business days to cure the breach of the agreement by paying the first installment of $300,000.00, and if the payment was not made all remaining payments would become due and payable to plaintiff within ten business days of the cure notice. (Compl. ¶¶ 39–40; Docket no. 1-7; *see* Docket no. 1-6 at 3). Defendants failed to comply with the cure notice. (Compl. ¶ 41). Subsequently, on April 6, 2023, defendants promised to make partial payment by the end of the month. (Compl. ¶ 42). Again, after learning about ongoing health issues with Gray, plaintiff extended the payment deadline to May 24, 2023, but defendants failed to make the payment. (Compl. ¶¶ 44–48). As of January 12, 2024, no payments toward the debt have been made.

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendants' failure to file a responsive pleading in a timely manner, the Clerk has entered a default as to each defendant. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 613 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a

court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

**<u>Jurisdiction and Venue</u>**

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly before the court pursuant to 28 U.S.C. § 1332 based on complete diversity and an appropriate amount in controversy (Compl. ¶ 7).

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff is a citizen of a different state than defendants, and the amount in controversy exceeds $75,000.00. Plaintiff is a Virginia limited liability company with two members who both reside in Virginia. (Docket no. 5). Gray Enterprises is a Maryland sole proprietorship with its principal place of business in Maryland. (Compl. ¶ 2). Gray is an individual domiciled in Maryland. (Compl. ¶ 3). Further, the amount in controversy exceeds $75,000.00. (Compl. ¶ a).

The court also has personal jurisdiction over defendants as the defendants transacted business in Virginia when they entered into the contractual agreements with plaintiff. (Compl. ¶ 8). Further, pursuant to the December 2022 Payment Agreement the parties consented that any dispute arising from the agreement would be "litigated in a court of competent jurisdiction in the Commonwealth of Virginia" and that the "parties expressly consent to personal jurisdiction in such forum." (*See* Docket no. 1-7 ¶ 11). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. (Compl. ¶ 9).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendants, and that venue is proper in this court.

### Service

Pursuant to Federal Rule of Civil Procedure 4(e)(2)(A), service may be made on an individual by delivering a copy of the summons and complaint to the individual personally. Additionally, pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) a corporation may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

Ambiko Wallace, a private process server, served the summons, complaint with exhibits, and civil cover sheet on Gray personally and as the owner authorized to accept service on behalf of Gray Enterprises. (Docket nos. 7, 8).

Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action and defendants have notice of this action.

### Grounds for Entry of Default

On December 4, 2023, plaintiff requested entry of default against defendants pursuant to Federal Rule of Civil Procedure 55(b). (Docket no. 9). The Clerk entered a default against defendants on December 5, 2023. (Docket no. 10).

For the reasons stated above, the undersigned magistrate judge recommends a finding that the Clerk properly entered a default as to defendants.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has

6

been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *GlobalSantaFe Corp.,* 250 F. Supp. 2d at 613.

**Breach of Contract**

Plaintiff alleges in the complaint that defendants are in breach of the Consulting Agreement, the September 2021 Payment Agreement, and the December 2022 Payment Agreement. (Compl. ¶ 51). Plaintiff performed its obligations under all three agreements, but defendants have not. (Compl. ¶ 52). Pursuant to the Consulting Agreement, defendants owe a $500,000.00 success fee, which they have failed to pay, including the associated late fees and interest owed. (Compl. ¶¶ 53–54; Docket no. 1-1). Pursuant to the September 2021 Payment Agreement, defendants acknowledged the $900,000.00 debt, which included the success fee, various loan proceeds, late fees, and interest, and agreed to repay the debt by September 8, 2021, but failed to do so. (Compl. ¶¶ 55, 57; Docket no. 1-3). Pursuant to the December 2022 Payment Agreement, defendants again acknowledged the $900,000.00 debt and agreed to repay in three monthly installments but failed to do so. (Compl. ¶¶ 56–57; Docket no. 1-6).

According to the December 2022 Payment Agreement, the parties agreed that the laws of the Commonwealth of Virginia govern. (Docket no. 1-6 ¶ 11). To establish a breach of contract claim under Virginia law, the required elements are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)).

Here, the December 2022 Payment Agreement supersedes both the Consulting Agreement and September 2021 Payment Agreement. (Docket no. 1-6 ¶ 7). On or about

7

December 11, 2022, Gray Enterprises and Gray, in her personal capacity, entered into the December 2022 Payment Agreement with plaintiff. (Compl. ¶ 30; Docket no. 1-6). The December 2022 Payment Agreement sets forth an installment payment plan of three equal payments accounting for consulting services, various loan transactions, and interest. (Compl. ¶ 3; *see* Docket no. 1-6 at 2, 3). The first installment was due on December 30, 2022, the second installment was due on January 27, 2023, and the third installment was due by February 24, 2023. *Id.* Plaintiff further provided for extensions of the first installment to March 1, 2023, due to Gray's health issues, however, no payment was made. (Compl. ¶¶ 35–38). Defendants were also given the opportunity to cure their breach by making payment within five business days of the March 10, 2023, cure notice but failed to do so. (Compl. ¶¶ 39–40; *see* Docket no. 1-7). Under the December 2022 Payment Agreement, defendants had an obligation arising out of a valid contract to pay plaintiff for consulting services, various loan transactions, and interest. (Docket no. 1-6 at 2). Defendants breached the agreement when they failed to make any payments to plaintiff. Plaintiff was clearly damaged by defendants' breach as it has not received any payment for its consulting services, various loan transactions, and interest. (Compl. ¶ 60).

Accordingly, the undersigned magistrate judge recommends a finding that plaintiff has established that defendants breached the December 2022 Payment Agreement between the parties.

### Relief

Plaintiff's complaint seeks (1) monetary damages in the amount of $900,000.00; (2) post-judgment interest; (3) costs; and (4) attorneys' fees. (Compl. at 8 ¶ a–d).

### Monetary Damages

Gray, Gray Enterprises, and plaintiff entered into the December 2022 Payment Agreement to resolve all outstanding debts, agreeing to three equal, monthly payments with the first payment due December 30, 2022. (Compl. ¶¶ 32–33; *see* Docket no. 1-6 at 3). The sum of the $900,000.00 owed accounted for $500,000.00 in consulting service, $150,000.00 in various loan transactions, and $250,000.00 in interest. (Docket no. 1-6 at 2). After defendants failed to make the payment by December 30, 2022, plaintiff granted various extensions, however, defendants still failed to make the payment by the newly set deadlines. (Compl. ¶¶ 33–38; Docket no. 11-1 ¶ 12). On March 10, 2023, pursuant to the December 2022 Payment Agreement plaintiff sent a cure notice to defendants, informing defendants they had five business days to cure the breach by paying the first installment due and that if they failed to do so, the payments would become due and payable within ten business days of the cure notice. (Compl. ¶¶ 39–40; Docket no. 1-7; *see* Docket no. 1-6 at 3). Defendants have still failed to make any payments to resolve the debt. Accordingly, the undersigned magistrate judge recommends a finding that plaintiff is entitled to $900,000.00 in monetary damages for the failure by defendants to pay plaintiff for its consulting services, various loans, and interest in violation of the December 2022 Payment Agreement.

### Post-Judgment Interest

In its complaint plaintiff seeks post-judgment interest. (Compl. at 8 ¶ b). Following a judgment, interest is calculated pursuant to 28 U.S.C. § 1961(a), which establishes a uniform federal rate for post-judgment "on any money judgment in a civil case recovered in district court."

Accordingly, the undersigned magistrate judge recommends a finding that an award of interest from the date of judgment until paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

**Attorneys' Fees and Costs**

In its complaint plaintiff requests attorneys' fees and costs.  (Compl. at 8 ¶ c).  In its motion for default, attorney Patel requests the total amount of $30,234.97 in legal fees for fees and costs from August 2022 through October 2023.  (Docket no. 11-2 ¶ 10).  At the hearing on January 12, 2024, additional invoices for November and December 2023 were provided to the court.  (Docket no. 13).  As this action is before the court on the basis of diversity jurisdiction, the court must apply the substantive law of the forum state.  *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938).  The right to an award of attorneys' fees is considered a matter of substantive law.  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975).  Under the "American Rule," absent a specific contractual or statutory provision to the contrary, a prevailing party generally cannot recover attorneys' fees from the losing party.  *Chacey v. Garvey*, 781 S.E.2d 357, 360 (Va. 2015) (citing *REVI, LLC v. Chicago Title Ins. Co.*, 776 S.E.2d 808, 813 (2015).  However, a prevailing party entitled by law to an award of attorney fees has the burden of proving "that the requested fees are reasonable and that they were necessary."  *Sidya v. World Telecom Exchange Communications, LLC*, 870 S.E.2d 199, 208 (Va. 2022) (quoting *West Square, L.L.C. v. Communication Techs., Inc.*, 649 S.E.2d 698, 702 (2007).[2]

---

[2] The Virginia Supreme Court has identified seven factors to consider in determining a "reasonable" attorney's fee award: (1) the time and effort expended by the attorney, (2) the nature of the services rendered, (3) the complexity of the services, (4) the value of the services to the client, (5) the results obtained, (6) whether the fees incurred were consistent with those generally charged for similar services, and (7) whether the services were necessary and appropriate.  *Lambert v. Sea Oats Condo. Ass'n*, 798 S.E.2d 177, 184 (Va. 2017).

Here, such a contractual provision exists. (Docket nos. 1-6).  The December 2022 Payment Agreement provides that the parties agree that if plaintiff initiated legal action to enforce the agreement plaintiff would be "entitled to its reasonable attorneys' fees and costs if it is the prevailing party." (Docket no. 1-6 ¶ 9).  As an initial matter, plaintiff is seeking an award of attorneys' fees and costs from August 2022 through December 2023.  Given that the breach of the December 2022 Payment Agreement did not occur until 2023, the court finds that the fees and costs incurred prior to the breach of the controlling contract in this case should not be awarded.  In reviewing the legal fees and costs from January 2023 through December 2023, it appears that the hourly rates charged by the attorneys and support personnel are reasonable and are consistent with hourly rates charged by attorneys of the same level of experience in the Northern Virginia area.  In reviewing the number of hours worked on this case, the time spent on this case after the defendants defaulted on the December 2022 Payment Agreement appear to be reasonable and necessary.  The costs requested include expenses for the filing and service fees, and delivery fees for materials to the court and defendants.  Those costs appear to be appropriate and reasonable.  Therefore, the undersigned magistrate judge recommends an award of attorneys' fees and costs in the total amount of $18,472.63.

## Conclusion

For these reasons, the undersigned recommends that default judgment be entered in favor of plaintiff and against defendants in the total amount of $918,472.63 ($900,000.00 in monetary damages + $18,472.63 in attorneys' fees and costs), with post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**Notice**

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to defendants Gray and Gray Enterprises at 126 Woodland Drive, Indian Head, MD 20640 and 938 E Swan Creek Road, Fort Washington, MD 20744,  the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 12th day of January, 2024.

/s/

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

12